(25 Misc. Rep. 307.)

### LEVEY v. DENNETT.

(City Court of New York, General Term. November 18, 1898.)

WITNESS—INTEREST.
    There is no error in rejecting evidence of interest of witness as affecting his credibility, it not appearing that he testified to anything other than the making and executing of an assignment, which was admitted without objection, and conceded to be valid.

Appeal from special term.

Action by Laurie L. Levey against Alfred W. Dennett. From an order denying defendant's motion to resettle case on appeal, he appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Warren S. Burt (Albert I. Sire, of counsel), for appellant.
Dittenhoefer, Gerber & James, for respondent.

CONLAN, J.  This is an appeal from an order denying appellant's motion to resettle case on appeal.  An extract from the case on appeal from the judgment presenting the questions raised on this appeal is as follows:

Second cross interrogatory: "When did you assign the claim alleged in the complaint to the plaintiff?" To the second cross interrogatory: "I think it was in December, but I am not sure." Third cross interrogatory: "What was the consideration of the said assignment? Was any actual valuable consideration given for said claim by the plaintiff?" Objected to as immaterial, the assignment being in writing. Objection sustained. Defendant's Attorney: "I offer this for the purpose of showing that Mr. Roessle is an interested witness, and the jury are to take that into consideration in determining the credibility that should be given to his testimony that was allowed to-day." Objection sustained. Exception.

The only question urged by the appellant is that his statement as to why he put the third cross interrogatory should be embodied in the case.  The trial judge, in denying appellant's motion to resettle the case by inserting the foregoing statement, made the following memorandum:

"The proposed case does not correctly state the fact. The language used was, 'I offered it,' not 'I offer this.' The language as used was mere argument on the part of counsel, and not an offer of proof ruled on by the court; hence has no place in the case on appeal." Motion to resettle case denied, without costs.

The appellant, at folio 15 of the "case," disclaims any intention to impeach the validity of the assignment; and, as there is nothing in the case before us to show that the witness testified to anything other than making and executing the assignment (which was admitted without objection, and conceded to be valid between the parties before the trial), we cannot see how his interests, if any, could affect the case.  If the record showed that he had testified to some material fact that was in issue on the trial, there would be some force in the position of counsel, as in the case of Elliott v. Luengene, 20 Misc. Rep. 18, 44 N. Y. Supp. 775.  The court, in his memorandum denying the motion, states that the words sought to be put in the case were spoken by counsel by way of argument or explanation only, and not an offer to prove, and were not ruled upon.  It follows that the order appealed from must be affirmed.

Order affirmed, with costs.

FITZSIMONS, C. J., concurs.